**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re:<br><br>KERRY THEODORE PIANDES,<br><br>Debtor | Chapter 7<br>Case No. 22-10210-MAF |

## ORDER DENYING MOTION FOR RECONSIDERATION

Citizens Bank, N.A. is the holder of two mortgages on the Debtor's principal residence.   In May 2022, Citizens sought relief from the automatic stay so that it could exercise its remedies under the loan and security documents.   No written objections were filed.

In July 2022, the chapter 7 trustee filed a notice of proposed abandonment with respect to the residence.   *See* [Dkt. No. 40].   Objections to the proposed abandonment were due by July 25. Because no objections were filed, the trustee was deemed to have abandoned the property.   *See* LBR 6007-1.

Before that abandonment, the Court convened a hearing on Citizens' motions for relief from stay on July 12, 2022.   Citizens and the chapter 7 trustee each appeared at the hearing through counsel.   The Debtor did not appear (either on his own behalf or through counsel).   During the hearing, the Court learned that, while the hearing was taking place, the Debtor was likely attending his section 341 meeting of creditors.   At the hearing, Citizens indicated that, if relief from stay were forthcoming, it would not be attempting to collect its debt from the Debtor individually.   In other words, Citizens would be proceeding to exercise its state law rights and remedies only with respect to the real estate if relief from stay were granted.   At the conclusion of the hearing, the Court granted the motions and issued orders granting relief from stay.   *See* [Dkt. Nos. 44 and 45].

1

Shortly thereafter, the Debtor filed a letter that the Court treated as a motion for reconsideration.   *See* [Dkt. No. 53].   In that letter, the Debtor explained that he was "never given a phone or dial [in] number to join" the hearing on Citizens' motions.   He "request[ed] another hearing" so that he could explain "why Citizens Bank should not have been granted the relief."   In due course, Citizens objected to the Debtor's motion for reconsideration.

A hearing on the motion for reconsideration was held on August 9, 2022.   At the hearing, the Debtor represented himself.   He stated that he was attempting to sell his house and that he had a signed purchase and sale agreement.   The Debtor further explained that the purchase price would be sufficient to pay both debts owed to Citizens.   With respect to other liens on the property, the Debtor explained that his plan was to negotiate with the lienholders to accept discounted payoffs or, failing that, to seek to have the liens removed "in bankruptcy."

For the reasons that follow, the Debtor's motion for reconsideration is denied.   While the Debtor's failure to attend the hearing on Citizens' motions for relief from stay may be understandable, there is no reason to reconsider the orders granting relief from stay when the result would be the same even if the Debtor had appeared at the hearing and made the same arguments he makes now.

As an initial matter, the circumstances today are materially different than they were on July 12 when the motions were heard.   If, as the Debtor desires, the Court were to "undo" the grant of relief from stay in favor of Citizens, that would not necessarily mean that the stay would still be in effect as to the property.   The automatic stay terminates with respect to a particular piece of property (here, the residence) when that property ceases to be property of the bankruptcy estate.   11 U.S.C. § 362(c)(1).   The Debtor's residence ceased being property of the bankruptcy estate when the trustee abandoned it.   *See* 11 U.S.C. § 554(d).   Because the stay has terminated

with respect to the residence, Citizens would no longer need relief from the stay under section 362(d), if the prior granting of stay relief were to be reconsidered.

But even if Citizens needed relief from the stay in connection with its planned foreclosure efforts, such relief would be appropriately granted.   Relief from stay is warranted under section 362(d) when (A) a debtor lacks equity in a particular piece of property and (B) that property is not necessary for an effective reorganization.   *See* 11 U.S.C. § 362(d)(2).   Because the Debtor's case is under chapter 7 of the Bankruptcy Code, it involves liquidation—not reorganization. Thus, the property cannot be necessary for an effective reorganization in bankruptcy.   With respect to equity, there is little, if any dispute, that Citizens Bank is owed approximately $1,000,000.   The Debtor asserts that the property is worth approximately $1,400,000.   That would seem to yield equity in favor of the Debtor.   But, based on the Debtor's bankruptcy schedules, there are several other liens on the property, including at least one lien securing a judgment against the Debtor in excess of $3,000,000.   When the value of the other liens is included, it becomes apparent that there is no equity in the property for the Debtor.   As a result, relief from stay is appropriate.

It is possible that all, some, or none of the other liens can be eliminated, or to use a technical term "avoided," under section 522(f).   At this point, the Debtor has not filed any motion seeking to do that.   As a result, there exists only the future possibility that, with enough liens eliminated, there could be some amount of equity for the Debtor.   But, as noted, there is no equity in the property right now.   The Court must decide the matter in light of that fact, not in light of some

state of facts that may exist in the future.[1]

Because relief from stay is either unnecessary or, alternatively, would be appropriately granted, the Debtor's motion for reconsideration must be denied. That is, reconsideration would not change the ultimate result here.

Having disposed of the motion, a final concluding observation is warranted. The trustee has abandoned the property. Citizens Bank may initiate one or more foreclosure actions, without restraint under the Bankruptcy Code. Neither of those things prevents this Court from ruling on any request by the Debtor for relief under 11 U.S.C. § 522(f). If the Debtor believes, as he previously suggested, that one or more of the liens on the property can be avoided under section 522(f), he should seek appropriate relief in this Court without delay. Any motion must be properly served on the affected lienholder(s), *see* Fed. R. Bankr. P. 4003(d), and will be heard and determined by the Court in the ordinary course of business.

Dated: August 18, 2022

/s/ Michael A. Fagone
Michael A. Fagone
United States Bankruptcy Judge
District of New Hampshire (by designation)

---

[1] There is another problem with the Debtor's objection to Citizens' requests for relief from stay: in a chapter 7 case, there is no statutory authorization for a *debtor* to sell property of the estate in the bankruptcy case. The *trustee* is the only person who can seek and obtain authorization to sell property of the estate. When the property ceases being property of the estate, the situation changes. The trustee no longer can seek authorization to sell the property and, at that point, a debtor can then attempt to sell the property in accordance with applicable state law (here, presumably, New Hampshire law). If the Debtor is going to sell the residence, he is going to have to achieve that goal outside of the chapter 7 context.